

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-30-2009

# USA v. Capozzi

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3263

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Capozzi" (2009). *2009 Decisions.* Paper 1650.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1650

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-3263
_____

UNITED STATES OF AMERICA

v.

KEVIN L. CAPOZZI,

Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Cr. No. 07-00089)
District Judge: Honorable Jose L. Linares

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
March 10, 2009

Before: FUENTES, CHAGARES, and ALDISERT, Circuit Judges.

(Opinion Filed: March 30, 2009)

OPINION OF THE COURT

FUENTES, Circuit Judge:

Appellant Kevin Capozzi pled guilty, pursuant to a plea agreement, to one count of

wire fraud based on his participation in a scheme to manipulate prices of foreign currency

-1-

trades by FX Solutions, LCC, a trading firm of which he was a client. Capozzi was sentenced to 19 months' imprisonment and a fine of $5,000. He timely filed this appeal.[1] Capozzi's attorney, John Fahy, subsequently filed a motion to withdraw under Anders v. California, 386 U.S. 738 (1967). We will allow the motion to withdraw and will affirm Capozzi's plea and sentence.

Anders held that a criminal defendant's appeal may be dismissed on the merits and his counsel permitted to withdraw if, after a thorough exploration of possible issues on appeal, his attorney "conscientiously concludes, and so advises the appellate court, that there are no meritorious grounds of appeal; and provided that the appellate court is satisfied from its own review of the record, in light of any points personally raised by the defendant, that appointed counsel's conclusion is correct." 386 U.S. at 741 n.2; see also Third Circuit Rule 109.2(a).

Our first step is therefore to determine whether the brief filed by Capozzi's attorney is adequate. See United States v. Youla, 241 F.3d 296, 300 (3d Cir. 2001). Here, counsel's Anders brief identifies only the question of whether Capozzi's sentence was excessive, and explains that it is frivolous because the sentence was reasonable and within the applicable Guidelines range. This discussion is not extensive, citing no relevant case law and providing only a brief review of the factual and procedural history of the case.

---

[1] We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

However, even where an <u>Anders</u> brief is not adequate, we may still dismiss a case where it presents only patently frivolous issues for appeal. <u>See</u> <u>United States v. Marvin</u>, 211 F.3d 778, 781 (3d Cir. 2000). Here, Capozzi did not choose to file a <u>pro se</u> brief identifying any issues besides the substantive reasonableness of his sentence, and our own independent review of the record reveals no other appealable issues. The District Court conducted a thorough plea colloquy pursuant to Federal Rule of Criminal Procedure 11, leaving no suggestion that Capozzi's plea was not "knowing, voluntary, and intelligent." <u>See</u> <u>United States v. Tidwell</u>, 521 F.3d 236, 251-52 (3d Cir. 2008).

The sentencing proceeding was also both procedurally and substantively adequate. Capozzi's sentencing took place on July 17, 2007. The parties stipulated that his base offense level was 6 and the amount of loss was $135,311.76. The judge granted a downward departure after finding the fraud did not involve sophisticated means and denied the government's requested enhancement for Capozzi's purportedly significant role in the fraud scheme. The result was a Guidelines range of 15 to 21 months' imprisonment. The District Court ultimately sentenced Capozzi to an imprisonment term of 19 months and a fine of $5000, rejecting his argument for a lower sentence to allow him to rejoin his wife and recently born child. The judge based the sentence on the large amount of loss caused by Capozzi's fraud, the importance of preserving confidence in the international currency market, and Capozzi's active participation in the offense. Capozzi's within-Guidelines sentence was therefore based on meaningful consideration

and reasonable application of the factors set forth in U.S.S.G. § 3553(a). See United

States v. Cooper, 437 F.3d 324, 329-30 (3d Cir. 2006).

For the foregoing reasons, we will grant defense counsel's Anders motion and

affirm the sentence imposed by the District Court.[2]

---

[2] We also conclude that this appeal lacks legal merit for purposes of the filing of a petition for writ of certiorari in the United States Supreme Court. See Third Circuit Rule 109.2(b).